**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MAYFLOWER TRANSIT, LLC, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 07-5963 (WHW) |
| | : | |
| INTERRA INDUSTRIES, LLC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

**Walls, Senior District Judge**

Plaintiff Mayflower Transit, LLC ("Mayflower") moves for entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b), against Defendant Interra Industries, LLC. ("Interra"). Interra has not opposed this motion and pursuant to Federal Rule of Civil Procedure 78, this motion is decided without oral argument. This motion is denied for lack of subject matter jurisdiction and plaintiff is given thirty (30) days to amend its complaint to properly allege subject matter jurisdiction.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff Mayflower, a Missouri limited liability company, engages in business as an interstate common carrier of household goods and high value commodities. (Compl. ¶ 4 (Dkt. Entry No. 1, filed Dec. 14, 2007.) Defendant Interra has multiple places of business in New Jersey and conducted or transacted business in the state of New Jersey at all times relevant to this matter. (Id. at ¶ 5.) Mayflower filed suit against Interra under 49 U.S.C. § 13702 of the

**NOT FOR PUBLICATION**

Interstate Commerce Commission Termination Act of 1995 ("ICCTA") for failure to pay shipping tariffs.

This matter arises out of ten shipments that Mayflower made for Interra from New Jersey to Texas, Illinois, and California.  (Aff. of Janice Coleman ¶¶ 3 - 4 (Dkt. Entry No. 7-3, filed April 28, 2008) ("Coleman Aff.").)  Mayflower alleges that, after delivery of these shipments, it sent invoices to Interra demanding payment for its services.  (Id. at ¶ 5.)  Mayflower further asserts that Interra did not respond in any way to the invoices and accumulated a deficient balance of $32,051.18**.**  (Id. at ¶ 6; Mayflower Invoices (Dkt. Entry No. 7-4, filed April 27, 2008) ("Ex. 5").)  In its complaint, Mayflower generally alleges that it is a carrier of household goods and high value commodities, but it does not specifically indicate that it carried household goods for Interra in the shipments relevant to this case.  (Compl. at ¶ 4.)  In support of its motion for default judgment, Mayflower submitted invoices which contain a pre-printed, boilerplate blank stating "shipment of household goods for" which was filled in with "Interra."  (Ex. 5.)

On December 26-27, 2007, Mayflower personally served Interra's president and vice president with the summons and complaint.  (DeSanto Summons (Dkt. Entry No. 7-4, filed April 28, 2008) ("Ex. 2"); Nevedale Summons (Dkt. Entry No. 7-4, filed April 28, 2008) ("Ex. 3").)  Interra failed to respond or otherwise appear in response to the complaint and its time to do so expired on January 16, 2008.  To date, Interra has not requested an extension of time to answer. In response to Mayflower's request for default judgment, the Clerk of the Court entered default against Interra on April 10, 2008.  (Clerk's Entry of Default (filed April 10, 2008).)  On April 28, 2008, Mayflower filed an application for default judgment in the amount of $35,488.57.

2

NOT FOR PUBLICATION

**LEGAL STANDARD**

This court may only hear cases over which it has subject matter jurisdiction.  28 U.S.C. §
1331 (2007).  Plaintiff has stated that subject matter jurisdiction for this action is predicated on
28 U.S.C. §§ 1331 and 1337(a) and that this action arises under the ICCTA of 1995[1].  (Compl. at
¶ 1-2.)  Generally, actions for unpaid invoices are simple breach of contract actions that should
properly be handled in state courts.  Thurston Motor Lines, Inc. v. Jordan K. Rand, Inc., 460 U.S.
533, 534 (1983).  However, when a shipper of goods seeks to recover payment of a federally
mandated tariff, such as that required by 49 U.S.C. § 13702, federal subject matter jurisdiction
arises under 28 U.S.C. § 1337.  Id.

Until the interstate trucking industry was deregulated in 1995, all shippers of all types of
goods interstate were required to file tariffs with the Interstate Commerce Commission ("ICC"),
and "federal jurisdiction unquestionably was present under 28 U.S.C. § 1337 in cases in which a
carrier sought to recover unpaid freight charges from a shipper due under a filed tariff ...
[because] the carrier's claim was predicated on the [filed] tariff."  On Track Transp., Inc. v.
Lakeside Warehouse & Trucking Inc., 245 F.R.D. 213, 224 (E.D. Pa. 2007) (citing Thurston, 460

---

[1]Plaintiff alleges that this action arises under 49 U.S.C. §§ 13701, 13702, 13704, 13706,
and 14705.  (Compl. ¶ 1.)  The only one of these statutory provisions that courts have found to
create a cause of action under 28 U.S.C. § 1337 is 49 U.S.C. § 13702, which requires that tariffs
for transportation of certain goods be published and filed with the Surface Transportation Board
("STB").  See Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd., 460 U.S. 533, 535 (1983); see
also Transit Homes of Am. v. Homes of Legend, Inc., 173 F. Supp. 2d 1192, 1199 (N.D. Ala.
2001) (asserting that not all sections of federal code create causes of action; for example, 49
U.S.C. § 13707 does not create a cause of action because even though this section entitles
carriers to collect payment for services rendered, "it is commonly understood that those
provisions merely prevented certain carriers from extending credit except upon conditions
prescribed by regulation.")

3

NOT FOR PUBLICATION

U.S. at 535).  However, in 1995, when the industry was deregulated and the ICCTA was passed,

the tariff filing requirements of 49 U.S. C. § 13702 were significantly limited and required the

filing of tariffs only for transportation "of household goods " which are "personal effects and

property used or to be used in a dwelling," and "for the movement of non-contiguous

transportation" which involves "traffic originating in or destined to Alaska, Hawaii, or a territory

or possession of the United States."  49 U.S.C. § 13702 (2007); 49 U.S.C. § 13102(10) (2007);

49 U.S.C. § 13102(16) (2007).  The result of this amendment was that those carriers which are

no longer required to file tariffs (those carriers who do not transport either household goods or

goods to non-contiguous states and territories), can no longer bring cases in federal court

invoking the filed tariff as the basis for subject matter jurisdiction under 28 U.S.C. § 1337.  See

On Track Transp, 245 F.R.D. at 225 (vacating default judgment for lack of subject matter

jurisdiction because 49 U.S.C. § 13702 is not applicable "other than in [the] narrow situation [of

the transportation of household goods or transport in non-contiguous territories]" and otherwise,

"a carrier's action to recover amounts due from a shipper is simply a contract action"); see also

Cent. Transp. Int'l v. Sterling Seating, Inc., 356 F. Supp. 2d 786, 790 (E.D. Mich. 2005) (denying

federal subject matter jurisdiction for a collections case from a commercial carrier that is not

required to file tariffs under the ICCTA because "actions seeking amounts due under filed tariffs

present a federal question, while actions seeking amounts due under a tariff that is not filed, do

not"); Transit Homes of Am. v. Homes of Legend, Inc., 173 F. Supp. 2d 1192, 1195 (N.D. Ala.

2001) (denying federal subject matter jurisdiction to a commercial carrier because, since the

ICCTA, "the great majority of transportation of property by motor carrier in this country

4

NOT FOR PUBLICATION

must...occur pursuant to the terms of private contracts").

**DISCUSSION**

Plaintiff has not established that it can bring a cause of action in this court under 49

U.S.C. § 13702 because it has not alleged that it engaged in non-contiguous or household good

shipment.  Plaintiff has not alleged non-contiguous shipment because it indicated on its invoices

that all of Interra's shipments were to and from states located within the contiguous United

States.  (Ex. 5.)  Plaintiff also failed to adequately allege that it shipped household goods for

Interra because, in all of its filings, it only made two indirect references to the contents of the

shipments.  The first reference is an indication in the complaint that plaintiff is generally a

"shipper of household goods and high value commodities."  (Compl. at ¶ 4.)  This is insufficient

because it does not indicate that household goods were shipped in the specific situations in

question in this case.  The second reference is a statement on the invoices submitted with the

motion for default judgment, not with the complaint itself, containing pre-printed, boilerplate

language on the invoice stating "shipment of household goods for" filled in with "Interra

Industries."  (Ex. 5.)  Because this statement is not supported by an express allegation by plaintiff

in the complaint, this "conclusory, boilerplate language [is] insufficient to show that [plaintiff] is

or may be entitled to relief."  Evancho v. Fisher, 423 F.3d 347, 345-55 (3d Cir. 2005); Fed R.

Civ. P. 8(a); see also Staffing Concepts Int'l, Inc. v. CNA Claimplus, Inc., 8:06-cv-2031-T-

23TMB, 2007 U.S. Dist. LEXIS 18637, *4-5 (M.D. Fla. Mar. 16, 2007) (boilerplate language

indicating the general possibility of a plaintiff's entitlement to extra damages was insufficient to

establish plaintiff's actual entitlement to the damages in question).  Because plaintiff has failed to

**NOT FOR PUBLICATION**

allege facts giving rise to liability under 49 U.S.C. § 13702, it has failed to establish subject matter jurisdiction in this court.

Pursuant to Federal Rule of Civil Procedure 15(a), a district court should "freely allow amendments to show that there is jurisdiction." Victory v. Manning, 128 F.2d 415, 417 (3d Cir. 1942); Fed. R. Civ. P. 15(a); see also Freedman & Co. v. Raab, 180 Fed. Appx. 316, 318 (3d Cir. 2006) (allowing plaintiff leave to amend its complaint to correctly allege subject matter jurisdiction). The Court will allow plaintiff leave to amend its complaint to correctly establish subject matter jurisdiction based on 49 U.S.C. § 13702 by satisfactorily alleging, if it can, that it shipped household goods and filed tariffs pursuant to 49 U.S.C. § 13702.

**CONCLUSION**

Plaintiff's motion for default judgment is denied at this time because plaintiff has not properly alleged subject matter jurisdiction in its complaint. Plaintiff is allowed thirty (30) days to amend its complaint to establish subject matter jurisdiction.


s/William H. Walls
United States Senior District Judge


**Appearances**

George W. Wright, Esq.
George W. Wright & Associates, LLC
401 Hackensack Avenue, 7th Floor
Hackensack, New Jersey 07601

Attorney for Plaintiff Mayflower Transit, LLC